IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SAMUEL CARTER, #A0247045, | ) | CIV. NO. 17-00356 DKW-RLP |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | FOR WRIT OF HABEAS CORPUS |
| vs. | ) | AND DENYING CERTIFICATE OF |
| | ) | APPEALABILITY |
| SEAN ORNELLAS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the court is pro se petitioner Samuel Carter's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. ECF No. 1. Carter challenges his consecutive, extended-term sentences imposed by the Circuit Court of the First Circuit, State of Hawaii ("circuit court") in *State v. Carter*, CR. No. 99-2002, on March 16, 2004. After careful consideration of the entire record, the court DISMISSES the Petition with prejudice as untimely. Any request for a certificate of appealability ("COA") is DENIED.

## I. BACKGROUND

On March 2, 2000, Carter was convicted of Theft in the Second Degree (Count 1), Promoting a Dangerous Drug in the Third Degree (Count 2), and Unlawful Use of Drug Paraphernalia (Count 3). *See* Resp't App. B, ECF No. 8-2. The circuit court sentenced Carter to an extended ten-year term on Count 1, to run

consecutively to two extended ten-year concurrent terms on Counts 2 and 3. Resp't App. C, ECF No. 8-3. The Hawaii Supreme Court affirmed Carter's conviction on September 23, 2003. Resp't App. G, ECF No. 8-7.

On March 16, 2004, the circuit court issued a Second Amended Judgment; Guilty Conviction and Sentence. Resp't App. H. The circuit court resentenced Carter to an extended ten-year term on Count 1, with no mandatory minimum, to be served consecutively to an extended ten-year term on Count 2, with a five-year mandatory minimum, to be served concurrently with an extended ten-year term on Count 3, with no mandatory minimum.

On or about September 20, 2006, Carter was released on parole. Resp't App. I, ECF No. 8-9. Nearly nine years later, on or about January 16, 2015, Carter's parole was revoked. *Id.* On his Warrant of Arrest, the Hawaii Paroling Authority noted that Carter's maximum parole term expired November 2, 2018. *Id.*

On March 4, 2015, the Department of Public Safety notified Carter that he had been over-credited pre-sentence credits to his sentence, and that his maximum release date had been recalculated as September 26, 2019. *Id.*, PageID #111. On December 10, 2015, Carter's attorney on appeal, Dwight C.H. Lum, Esq., wrote the Department of Public Safety to explain that this calculation was incorrect, and

to request that Carter's maximum term date be amended to its original date, November 2, 2018. *Id.*, PageID #114-15.

On September 2, 2016, Carter filed a state post-conviction petition pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP") ("Rule 40 Petition"), *Carter v. State*, S.P.P. No. 16-1-0024. Resp't App. I, ECF No. 8-9. Carter argued that his sentence was illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000),[1] and that the Department of Public Safety had illegally recalculated his maximum release date. After finding that Carter may have a colorable claim under *Apprendi*, the circuit court appointed him counsel. Resp't App. J, ECF No. 8-10.

On June 27, 2017, the circuit court denied Carter's Rule 40 Petition. Resp't App. K, ECF No. 8-11. The circuit court first found that Carter's challenge to the change in his maximum release date was moot, because it had already been reset to November 2, 2018. *Id.*, PageID #141. The circuit court then rejected Carter's *Apprendi* claim, because his sentences were final *before* the Hawaii Supreme Court

---

[1] *Apprendi* holds that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. 530 U.S. at 490.

had determined that Hawaii's extended term sentencing scheme was unconstitutional in *State v. Maugaotega*, 115 Haw. 432 (2007).[2] *Id.*, PageID #142-43.

On July 26, 2017, Carter filed a notice of appeal in the Intermediate Court of Appeals ("ICA"), Resp't App. L, ECF No. 8-12; *Carter v. State*, CAAP-17-0000569 (Haw. App. 2017), avail. at: https://jimspss1.courts.state.hi.us/JEFS. This appeal is currently pending before the ICA.

Two days before filing his notice of appeal, on July 24, 2017, Carter filed the present federal Petition. ECF No. 1. Carter asserts that (1) his sentences violate the rule set forth in *Apprendi*, because the judge, rather than the jury, determined the bases for setting his extended, consecutive sentences; and (2) his trial, sentencing, and appellate attorneys were ineffective. *See* Pet., ECF No. 1.

---

[2] Under Hawaii law, a petitioner cannot collaterally attack an extended term sentence based on *Apprendi* if the petitioner's conviction was final on direct review before the Supreme Court decided *Cunningham v. California*, 549 U.S. 270 (2007), when "it became clear that the *Apprendi* decision meant that Hawaii's extended term sentencing scheme was unconstitutional." *Mara v. State*, 139 Haw. 414, 418-20 (Haw. App. 2017). This issue is currently before the Hawaii Supreme Court. *See Batalona v. State*, 2017 WL 2797654 (Haw. App. June 28, 2017), *cert. granted*, 2017 WL4564374 (Oct. 13, 2017); *Preble v. State*, 2017 WL 1050339 (Haw. App. Mar. 17, 2017), *cert. granted*, 2017 WL 2875674 (July 5, 2017).

## II.  28 U.S.C. § 2244

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one-year statute of limitation applies to all habeas petitions filed by prisoners in state custody, subject to certain tolling conditions. *See* 28 U.S.C. §§ 2244(d).

The limitation period runs from the latest of-

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because Carter's judgment, conviction and sentence were amended on March 16, 2004, the statute of limitation began running on his claims on March 17, 2004, and expired one year later on **March 16, 2005**, unless Carter is entitled to a

5

later date for commencement of the limitation period under § 2244(d)(1)(B-D), or tolling under § 2244(d)(2). *See Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("'Final judgment in a criminal case means sentence. The sentence is the judgment.'") (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937)).

A petitioner may also be entitled to equitable tolling upon a showing of extraordinary circumstances and diligence. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 n.8 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."); *Randle v. Crawford*, 578 F.3d 1177, 1186 (9th Cir. 2009).

### III. DISCUSSION

Carter commenced this federal action on July 10, 2017, when he gave the Petition to prison authorities for mailing to the court. *See* Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts; Fed. R. App. P. 25(a)(2)(c). The Court notified Carter that his Petition appears time-barred and that he bears the burden of establishing either an alternative date for commencement of the statute of limitation or that he is entitled to equitable tolling. *See* Preliminary Order to Show Cause, ECF No. 5; see also, *Pace*, 544 U.S. at 418.

Carter filed his Response on September 12, 2017. The State filed its Response on October 23, 2017. *See* ECF Nos. 7, 8.

**A.      No Basis for an Alternate Date for Commencing the Statute**

Carter first argues that HRPP 40 has no statute of limitation for any claim alleging "that the judgment was obtained or sentence imposed in violation of the constitution of the United States or of the State of Hawai`I." HRPP 40(a)(1)(I). Carter is correct - there is no statute of limitation under Hawaii law for such claims. Hawaii's Rules of Penal Procedure, however, have no effect on the federal statute of limitation set forth in 28 U.S.C. § 2244 regarding the timeliness of federal petitions. Carter did not seek state post-conviction relief on any basis until September 2, 2016, more than eleven years after the statute of limitation had expired on his conviction. Filing a post-conviction petition *after* the statute of limitation has expired does not reinitiate the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (same). Carter's Rule 40 Petition neither tolled nor restarted the already expired statute of limitation under § 2244(d)(2).

Carter next argues that his sentencing and appellate attorneys were ineffective because they failed to raise an *Apprendi* argument at either proceeding. He also reasserts his claim that his trial attorney was ineffective. These arguments

7

are irrelevant to whether Carter is entitled to an alternative date for commencement of the statute of limitation under § 2244(d)(1). That is, the actions of Carter's criminal defense attorneys do not constitute state action that impeded his ability to file a federal petition within the past thirteen years under § 2244(d)(1)(B). *See Polk Cty. v. Dodson*, 454 U.S. 312, 320–25 (1981) (holding a public defender, and by extension any criminal defense attorney, "does not act under color of state law when performing a lawyer's traditional functions as counsel" to a criminal defendant). Section 2244(d)(1)'s other provisions do not apply.

Moreover, as the Hawaii court's have repeatedly made clear, an attorney who failed to raise an *Apprendi* argument before *Cunningham* or *Maugaotega* were decided did not provide ineffective assistance of counsel in Hawaii, because such a claim would have been rejected. *See Mara*, 139 Haw. at 420 ("Given the Hawai`i Supreme Court's repeated rejection of *Apprendi*-based challenges to the constitutionality of Hawai`i's extended term sentencing scheme prior to *Maugaotega II*, we also conclude that Mara's appellate counsel was not ineffective for failing to assert an *Apprendi* claim on direct appeal."); *Preble*, 139 Haw. at *3 (rejecting ineffective assistance of appellate counsel claim, because an "*Apprendi* claim would have been denied on direct appeal, so appellate counsel was not

8

ineffective for failing to raise an *Apprendi* claim to challenge *Preble's* extended term sentences").

B.     **No Basis For Equitable Tolling**

Equitable tolling is rarely justified, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003), because the term "'extraordinary circumstances' necessarily suggests the doctrine's rarity," and implies "that an external force must cause the untimeliness, rather than . . . merely 'oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.'" *Waldron- Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009 (quoting *Harris v. Carter*, 515 F.3d 1051, 1054-55 (9th Cir. 2008)). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)); *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (stating, "'the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.'") (citation omitted).

Carter provides no argument or basis for equitable tolling of the statute of limitation. Moreover, the record shows that Carter was on parole for nearly nine years, free from most, if not all, of the difficulties that an incarcerated petitioner

faces, yet did nothing to pursue his claims. Carter fails to show that he is entitled to equitable tolling of the statute of limitation. *See Pace*, 544 U.S. at 418.

## IV. **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. *See also*, Fed. R. App. P. 22(b). When a claim is dismissed on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quotation omitted). Carter fails to make a substantial showing that a reasonable jurist would find debatable or wrong the dismissal of his Petition as time-barred. Any request for a certificate of appealability is denied.

///

///

///

///

## V.  CONCLUSION

The Petition is DISMISSED with prejudice as untimely pursuant to 28 U.S.C. § 2244(d).  A certificate of appealability is DENIED.  The Clerk of Court shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: November 13, 2017 at Honolulu, Hawaii.



/s/ Derrick K. Watson
Derrick K. Watson
United States District Judge

---

*Samuel Carter v. Sean Ornellas*; Civil No. 17-00356 DKW-RLP; **ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

*Carter v. Ornellas,* No. 1:17-00356 DKW-RLP; Hab. 17 Carter 17-356 (sol)